UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID C. LETTIERI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-cv-10859-LTS |
| | ) | |
| UNIT TEAM MANAGER ENGLISH, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

May 8, 2025

SOROKIN, D.J.

   Pro se petitioner David C. Lettieri, who is confined at FMC Devens, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition has not been served so that the Court may review the pleading to determine whether it should be served. See 28 U.S.C. § 2243 (providing that, if it appears from the face of a habeas petition that the petitioner is not entitled to relief, the district court is not required to serve the petition).[1] For the reasons stated below, the Court denies the petition and dismisses this action.

   The First Step Act ("FSA"), provides in relevant part, that federal prisoners be given the opportunity to earn incentives and rewards for participation in recidivism reduction programs. See 18 U.S.C. § 3632. These incentives and rewards include additional phone privileges,

---

[1] See also Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition"). Rule 4 may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

transfer to preferred housing units, and time credits.  See 18 U.S.C. § 3632(d).  Although the petition is not entirely clear, it appears that Lettieri claims that he has not received the awards or privileges he has already earned under the FSA, and that a change in his housing assignment from the "JA" unit has unlawfully "stripped" of the opportunity to continue participation in recidivism reduction programs.

There is no statutory requirement that a federal prisoner exhaust administrative remedies prior to seeking habeas relief under 28 U.S.C. § 2241.  Nonetheless, a federal court may require exhaustion of administrative remedies prior to exercising habeas jurisdiction.  See, e.g. Cockerham v. Boncher, 125 F.4th 11, 16 (1st Cir. 2024) (noting "prudential" reasons for requiring exhaustion of other remedies prior to seeking federal habeas relief); Walsh v. Boncher, 652 F. Supp. 3d 161, 167 (D. Mass. 2023) ("Ordinarily, a federal inmate must exhaust the BOP's administrative remedies before filing a section 2241 petition in federal court.").

Here, Lettieri does not state that he exhausted his administrative remedies.  He submitted a copy of an email he sent to a staff member on February 24, 2025 in which he asks to be moved back to the "JA" housing unit, to which the staff member replied, "Not at this time."  ECF No. 2-1 at 3.  However, Lettieri does not allege that pursued all levels of administrative review, which includes submission of a formal Administrative Remedy Request, appeal to the BOP Regional Director, and appeal the BOP's General Counsel.  See 28 C.F.R. §§ 542.14, 542.15.

Accordingly, the petition is DENIED without prejudice for failure to exhaust administrative remedies and this action is DISMISSED.

SO ORDERED.

       /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

2