UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAVID C. LETTIERI, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 25-cv-10859-LTS |
| UNIT TEAM MANAGER ENGLISH, | ) ) ) | |
| Respondent. | ) ) | |

ORDER

October 6, 2025

SOROKIN, D.J.

On April 7, 2025, pro se petitioner David C. Lettieri, who is confined at FMC Devens, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Lettieri did not pay the $5.00 filing fee or file a motion for leave to proceed in forma pauperis. Although the petition was not clear, it appeared that Lettieri claimed that he had not received the awards or privileges he had earned under the First Step Act, 18 U.S.C. § 3632, and that a change in his housing assignment unlawfully "stripped" of the opportunity to continue participation in recidivism reduction programs. On May 8, 2025, the Court sua sponte denied the petition without prejudice for failure to exhaust his administrative remedies.

Lettieri has appealed the dismissal of this case to the First Circuit. Now before the Court is Lettieri's motion to appeal in forma pauperis. Although Lettieri has not submitted a prison account statement, the Court assumes, without deciding, that Lettieri is financially eligible to appeal in forma pauperis.

Even if a litigant is financially eligible to appeal in forma pauperis, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(1)(3). Regardless of any subjective good faith on the part of an appellant, "good faith" within the meaning of 28 U.S.C. § 1915(a)(3) is only demonstrated when a litigant seeks "appellate review of any issue not frivolous." Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous if "no reasonable person could suppose [it] to have any merit." Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

Here, Lettieri's appeal is frivolous. Lettieri did not make any showing that he had exhausted his administrative remedies, and it was well within the Court's discretion to dismiss the petition without prejudice on that ground. See, e.g. Cockerham v. Boncher, 125 F.4th 11, 16 (1st Cir. 2024) (noting "prudential" reasons for requiring exhaustion of other remedies prior to seeking federal habeas relief); Walsh v. Boncher, 652 F. Supp. 3d 161, 167 (D. Mass. 2023) ("Ordinarily, a federal inmate must exhaust the BOP's administrative remedies before filing a section 2241 petition in federal court.").

Accordingly, the Court CERTIFIES that the appeal is frivolous and DENIES the motion to appeal in forma pauperis. If Lettieri wishes to pursue in forma pauperis on appeal, he may do so by filing a motion to appeal in forma pauperis with the United States Court of Appeals for the First Circuit within 30 days of the date of service of this order. See Fed. R. App. P. 24(a)(5).

The Clerk shall transmit a copy of this order to the First Circuit.

SO ORDERED.

        /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE